**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOHN DOE #1 (a fictitious name) | : | |
| | : | |
| | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | |
| *v.* | : | NO. 21-1408 |
| | : | |
| DELAWARE COUNTY, *et al.* | : | |
| | : | |
| *Defendants* | : | |
| | : | |

**DELAWARE COUNTY JUVENILE DETENTION CENTER'S**
**MOTION TO DISMISS**

      **NOW COMES THE DEFENDANT,** the Delaware County Juvenile Detention Center (hereinafter the "Detention Center"), by and through its undersigned counsel, and submits this Motion to Dismiss Plaintiff's Amended Complaint, averring in support thereof as follows:

      1.      Plaintiff, proceeding anonymously as John Doe #1, is a former resident of the Delaware County Juvenile Detention Center. He alleges that "[f]or decades at [the Detention Center], a culture of abuse not only festered, but was perpetrated by staff and perpetuated by those at every level through repeated cover ups." (Amended Complaint, ¶4).

      2.      While John Doe #1 was a resident at the Detention Center, he alleges he was subjected to various forms of physical, mental, and sexual abuse and neglect at the hands of Detention Center staff.

      3.      As a result of the injuries he allegedly sustained, Plaintiff has levied multiple claims against the Detention Center, including state law claims for negligence, negligent infliction of emotional distress, intentional infliction of emotional distress, negligent failure to

rescue, failure to warn, civil conspiracy, and negligence *per se*, along with federal claims under 42 U.S.C. § 1983.

4.    As it pertains to the claims against the Detention Center, the Amended Complaint states that the Detention Center is "owned, controlled, and/or operated by Defendant, Delaware County, Pennsylvania," but was nevertheless "governed by the Board of Judges, under the direction of President Judge Kevin F. Kelly" at all times relevant. (Amended Complaint, ¶¶ 18-19). The Detention Center was at all times relevant a Court facility, part of the 32nd Judicial District. *See id.; see also* Amended Complaint at ¶ 39 (noting that the President Judge of the Delaware County Court of Common Pleas was responsible for the closure of the Detention Center).

5.    The 32nd Judicial District is part of the Unified Judicial System of the Commonwealth of Pennsylvania.

6.    As set forth more fully in the accompanying Brief, the Eleventh Amendment bars Plaintiffs' claims against the Detention Center.

7.    Further, the Detention Center is not a "person" subject to liability under 42 U.S.C. § 1983.

8.    Sovereign immunity bars Plaintiff's state law claims against the Detention Center.

9.    Given the nature of the aforementioned defenses, leave to amend would be futile.

**WHEREFORE**, Defendant, the Delaware County Juvenile Detention Center, respectfully requests that this Court enter an Order in the form attached hereto, dismissing Plaintiff's claims against it, with prejudice.

Respectfully submitted,

**/s/Megan L. Davis**
MEGAN L. DAVIS, ESQUIRE
Attorney I.D. PA 321341
GERI ROMANELLO ST. JOSEPH
Attorney I.D. PA 84902
Supreme Court of Pennsylvania
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102
legaldepartment@pacourts.us
(215) 560-6326, Fax: (215) 560-5486

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOHN DOE #1 (a fictitious name) | : | |
| | : | |
| | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | |
| *v.* | : | NO. 21-1408 |
| | : | |
| DELAWARE COUNTY, *et al.* | : | |
| | : | |
| *Defendants* | : | |
| | : | |

**BRIEF IN SUPPORT OF THE DELAWARE COUNTY JUVENILE DETENTION**
**CENTER'S MOTION TO DISMISS**

       **NOW COMES THE DEFENDANT,** the Delaware County Juvenile Detention Center (hereinafter the "Detention Center"), by and through its undersigned counsel, and submits this Brief in Support of its Motion to Dismiss Plaintiff's Amended Complaint, averring in support thereof as follows:

**I)**      **FACTUAL BACKGROUND**

       Plaintiff, proceeding anonymously as John Doe #1, is a former resident of the Delaware County Juvenile Detention Center. He alleges that "[f]or decades at [the Detention Center], a culture of abuse not only festered, but was perpetrated by staff and perpetuated by those at every level through repeated cover ups." (Amended Complaint, ¶ 4). While John Doe #1 was a resident at the Detention Center, he alleges he was subjected to various forms of physical, mental, and sexual abuse and neglect at the hands of Detention Center staff. (Amended Complaint, ¶¶ 152 - 177). As a result of the injuries he allegedly sustained, Plaintiff has levied multiple claims against the Detention Center, including state law claims for negligence, negligent infliction of

emotional distress, intentional infliction of emotional distress, negligent failure to rescue, failure to warn, civil conspiracy, and negligence *per se*, along with federal claims under 42 U.S.C. § 1983.

As it pertains to the claims against the Detention Center, the Amended Complaint states that the Detention Center is "owned, controlled, and/or operated by Defendant, Delaware County, Pennsylvania," but was nevertheless "governed by the Board of Judges, under the direction of President Judge Kevin F. Kelly" at all times relevant. (Amended Complaint, ¶¶ 18-19). The Detention Center was at all times relevant a Court facility, part of the 32nd Judicial District. *See id.; see also* Amended Complaint at ¶ 39 (noting that the President Judge of the Delaware County Court of Common Pleas was responsible for the closure of the Detention Center).

For the reasons set forth below, Plaintiff's claims against the Detention Center must be dismissed.

## II)    QUESTIONS PRESENTED

(1)    Does the Eleventh Amendment bar Plaintiffs' claims against the Detention Center?

**Suggested Answer:   Yes.**

(2)    Are Plaintiffs' claims barred because the Detention Center is not a "person" subject to liability under 42 U.S.C. § 1983?

**Suggested Answer:   Yes.**

(3)    Does sovereign immunity bar Plaintiffs' claims against the Detention Center?

**Suggested Answer:   Yes.**

### III)    ARGUMENT

### A)    The Eleventh Amendment Bars Plaintiff's Claims Against the Detention Center

As set forth above, the Detention Center is part of the 32nd Judicial District. (Amended Complaint, ¶¶ 19, 39). States and state entities are entitled to immunity under the Eleventh Amendment unless they waive that immunity, which Pennsylvania has not. *See Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981). 1 Pa.C.S. § 2310 provides that "the Commonwealth and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign and official immunity and remain immune from suit except as the General Assembly shall specifically waive this immunity." *See also* 42 Pa.C.S. § 8521. The term "Commonwealth government" includes "the courts and other officers or agencies of the unified judicial system." 42 Pa.C.S. § 102.

The Eleventh Amendment is a jurisdictional bar that deprives a federal court of subject matter jurisdiction.  *Blanciak v. Allegheny Ludlum Corp*., 77 F.3d 690, 694 n.2 (3d Cir. 1996). Claims brought under the civil rights enabling statute, 42 U.S.C. § 1983, are subject to the Eleventh Amendment.  *See Chilcott v. Erie Co. Domestic Relations*, 283 Fed. Appx. 8, 10 (3d Cir. 2008); *Collins v. Sload*, 212 Fed. Appx. 136, 140 n.5 (3d Cir. 2007).

The 32nd Judicial District is an arm of the state. *Callahan v. City of Philadelphia, et al.*, 207 F.3d 668, 672 (3d Cir. 2000) (holding that all courts and agencies of the Unified Judicial System are part of the Commonwealth government and are state agencies); *Benn v. First Judicial District*, 426 F.3d 233 (3d Cir. 2005) (holding that Pennsylvania's Court entities are Commonwealth entities entitled to federal Eleventh Amendment immunity). Since the Detention

Center is a part of the 32nd Judicial District, and since Pennsylvania has not consented to suit, the Detention Center is entitled to Eleventh Amendment immunity from suit in this matter.

**B)**     **The Detention Center is not a "Person" Subject to Liability Under 42 U.S.C. § 1983**

As set forth above, Plaintiff's claims against the Detention Center arise under 42 U.S.C. § 1983. Section 1983 does not itself create substantive rights, but instead provides a vehicle for vindicating violations of federal rights.  *Groman v. Township of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995).  A plaintiff bringing a cause of action under Section 1983 must demonstrate that a *person* acting under color of law deprived him or her of a federal right. *Groman*, 47 F.3d at 633.

As discussed above, the Detention Center is an arm of the 32nd Judicial District, which is part of the Unified Judicial System of Pennsylvania, and, as such, is a state entity. State entities are not "persons" under § 1983 and cannot be sued under that statute. *See Callahan*, 207 F.3d 668 (Warrant Division and Eviction Unit of the Court of Common Pleas and the Municipal Court Eviction Unit of the First Judicial District are state government entities which do not constitute "persons" under 42 U.S.C. § 1983).  Accordingly, Plaintiff's claims against the Detention Center must be dismissed because it is not a "person" within the meaning of Section 1983.

**C)**     **Sovereign Immunity Bars Plaintiff's Claims Against the Detention Center**

In addition to Eleventh Amendment immunity, under Pennsylvania law, entities, officers and employees of the Commonwealth government are entitled to sovereign and official immunity from lawsuits, such as the one before this Court, pursuant to the Sovereign Immunity Act, 42 Pa. C.S. § 8521 *et seq.; see also* 1 Pa. C.S. § 2310 ("Pursuant to section 11 of Article I of the Constitution of Pennsylvania, it is hereby declared to be the intent of the General Assembly

4

that the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity").

The Commonwealth has not validly waived sovereign immunity for any of Plaintiff's claims. In this regard, although the state legislature has waived sovereign immunity in a limited number of circumstances,[1] this statutory waiver does not apply to the Unified Judicial System. *Russo v. Allegheny County*, 125 A.3d 113, 118 (Pa. Commw. 2015) ("Because sovereign immunity has not been waived with respect to the courts of the unified judicial system, we must conclude that the courts of the unified judicial system retain their sovereign immunity as related to tort claims."), *aff'd*, 150 A.3d 16 (Pa. 2016). As a result, the Courts of the Unified Judicial System, including the 32nd Judicial District, retain sovereign immunity without exception. *Id*. Therefore, the Detention Center, as an arm of the Court, is entitled to immunity from Plaintiff's claims.

**IV)    CONCLUSION**

Based on the foregoing arguments and authorities, Defendant, the Delaware County Juvenile Detention Center, respectfully requests that this Court enter an Order in the form attached hereto, dismissing Plaintiff's claims against it, with prejudice.

---

[1] Even if this waiver did apply to the Unified Judicial System, this case still would not fall under any of the enumerated circumstances in which immunity has been waived. In this regard, 42 Pa.C.S. § 8522 sets forth the nine (9) circumstances under which the Commonwealth has waived immunity: (1) vehicle liability; (2) medical-professional liability; (3) care, custody, or control of personal property; (4) Commonwealth real estate, highways and sidewalks; (5) potholes and other dangerous conditions; (6) care, custody, and control of animals; (7) liquor store sales; (8) National Guard activities; and (9) toxoids and vaccines. Since none of these circumstances are applicable to the instant case, immunity would nevertheless apply.

Respectfully submitted,

**/s/Megan L. Davis**
MEGAN L. DAVIS, ESQUIRE
Attorney I.D. PA 321341
GERI ROMANELLO ST. JOSEPH
Attorney I.D. PA 84902
Supreme Court of Pennsylvania
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102
legaldepartment@pacourts.us
(215) 560-6326, Fax: (215) 560-5486

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOHN DOE # 1 *a fictitious name* AND JANE | : | |
| DOE 1 *a fictitious name* | : | |
| | : | CIVIL ACTION |
| *Plaintiffs* | : | |
| | : | NO. 21-1408 |
| v. | : | |
| | : | |
| PENNSYLVANIA DEPARTMENT OF | : | |
| HUMAN SERVICES, et al. | : | |
| | : | HON. MICHAEL BAYLSON |
| | : | |
| *Defendants* | : | ***ELECTRONICALLY FILED*** |

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel hereby certifies that on October 8, 2021, she personally caused

to be served upon the following a true and correct copy of the foregoing *Proposed Order, Motion*

*to Dismiss Amended Complaint, and Brief in Support of Motion to Dismiss* via CM/ECF to:

**DANIEL MCGARRIGLE, ESQUIRE**
THE MCGARRIGLE LAW FIRM
117-119 NORTH OLIVE ST
MEDIA, PA 19063
Email: *daniel@mcgarriglelawfirm.com*
*Pro Se Plaintiff*

**BRIAN D. KENT, ESQUIRE**
Laffey, Bucci & Kent, LLP
1100 Ludlow Street
Suite 300
PHILADELPHIA, PA 19107
Email: *bkent@lbk-law.com*

**{Signature on next page}**

**JOHN P. GONZALES, ESQUIRE**
MARSHALL DENNEHEY WARNER
COLEMAN AND GOGGIN, P.C.
2000 MARKET STREET
SUITE 2300
PHILADELPHIA, PA 19103
Email: jpgonzales@mdwcg.com

/s/Geri Romanello St. Joseph
**GERI ROMANELLO ST. JOSEPH, ESQUIRE**
Attorney I.D. No. PA84902
Supreme Court of Pennsylvania
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102
legaldepartment@pacourts.us
(215) 560-6326, Fax: (215) 560-5486
E-mail: legaldepartment@pacourts.us
*Attorney for Delaware County Juvenile*
*Detention Center*