IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE #1 (a fictitious name), | : |
| | : CIVIL ACTION NO.: 2:21-CV-01408 |
| Plaintiff, | : |
| v. | : |
| | : |
| DELAWARE COUNTY, MARK A. MURRAY, | : **JURY TRIAL DEMANDED** |
| in his individual and official capacity, | : |
| DELAWARE COUNTY JUVENILE | : |
| DETENTION CENTER, TERESA D. MILLER, | : |
| FORMER SECRETARY OF PENNSYLVANIA | : |
| DEPARTMENT OF HUMAN SERVICES, in her | : |
| individual capacity, THEODORE DALLAS, | : |
| FORMER SECRETARY OF THE | : |
| DEPARTMENT OF HUMAN SERVICES, in | : |
| his individual capacity, CATHY UTZ, FORMER | : |
| DEPUTY SECRETARY FOR THE OFFICE | : |
| OF CHILDREN, YOUTH AND FAMILIES, in | : |
| Her individual capacity, CHILD GUIDANCE | : |
| RESOURCE CENTER, JOHN DOES 1-100 and | : |
| ABC ENTITIES 1-10, | : |
| | : |
| Defendants. | : |

## ORDER

**AND NOW**, this _____ day of _____, 2021, upon consideration of the Motion to Dismiss of Defendant, Delaware County, pursuant to Fed. R. Civ. P. 12(b)(6), and any response thereto, it is hereby **ORDERED** and **DECREED** that Defendant's Motion is **GRANTED** and judgement is entered in favor of Defendant, Delaware County, and any and all claims asserted against Defendant, Delaware County, are dismissed with prejudice.

BY THE COURT:

_____
J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE #1 (a fictitious name), | : |
| | : CIVIL ACTION NO.: 2:21-CV-01408 |
| Plaintiff, | : |
| v. | : |
| | : |
| DELAWARE COUNTY, MARK A. MURRAY, | : **JURY TRIAL DEMANDED** |
| in his individual and official capacity, | : |
| DELAWARE COUNTY JUVENILE | : |
| DETENTION CENTER, TERESA D. MILLER, | : |
| FORMER SECRETARY OF PENNSYLVANIA | : |
| DEPARTMENT OF HUMAN SERVICES, in her | : |
| individual capacity, THEODORE DALLAS, | : |
| FORMER SECRETARY OF THE | : |
| DEPARTMENT OF HUMAN SERVICES, in | : |
| his individual capacity, CATHY UTZ, FORMER | : |
| DEPUTY SECRETARY FOR THE OFFICE | : |
| OF CHILDREN, YOUTH AND FAMILIES, in | : |
| Her individual capacity, CHILD GUIDANCE | : |
| RESOURCE CENTER, JOHN DOES 1-100 and | : |
| ABC ENTITIES 1-10, | : |
| | : |
| Defendants. | : |

## MOTION TO DISMISS OF DEFENDANT, DELAWARE COUNTY, TO PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)

Defendant, Delaware County, by and through its undersigned counsel, Marshall, Dennehey, Warner, Coleman and Goggin, and John P. Gonzales, Esquire, files this Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons more fully set forth in the Memorandum of Law which is attached hereto and incorporated herein by reference, Plaintiff's First Amended Complaint and any and all claims asserted against Defendant, Delaware County, should be dismissed with prejudice.

**WHEREFORE**, Defendant, Delaware County, respectfully requests that this Honorable Court grant its Motion to Dismiss Plaintiff's First Amended Complaint with prejudice.

        Respectfully submitted,

        **MARSHALL DENNEHEY WARNER**
         **COLEMAN & GOGGIN**

BY: _____
        JOHN P. GONZALES
        Attorney ID # 71265
        2000 Market Street, Suite 2300
        Philadelphia, PA  19103
        Phone: (215) 575-2871/Fax: (215) 575-0856
        Email: jpgonzales@mdwcg.com

        Attorney for Defendants Delaware County and Delaware County Juvenile Detention Center

Date:  December 10, 2021

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE #1 (a fictitious name), | : |
| | : CIVIL ACTION NO.: 2:21-CV-01408 |
| Plaintiff, | : |
| v. | : |
| | : |
| DELAWARE COUNTY, MARK A. MURRAY, | : **JURY TRIAL DEMANDED** |
| in his individual and official capacity, | : |
| DELAWARE COUNTY JUVENILE | : |
| DETENTION CENTER, TERESA D. MILLER, | : |
| FORMER SECRETARY OF PENNSYLVANIA | : |
| DEPARTMENT OF HUMAN SERVICES, in her | : |
| individual capacity, THEODORE DALLAS, | : |
| FORMER SECRETARY OF THE | : |
| DEPARTMENT OF HUMAN SERVICES, in | : |
| his individual capacity, CATHY UTZ, FORMER | : |
| DEPUTY SECRETARY FOR THE OFFICE | : |
| OF CHILDREN, YOUTH AND FAMILIES, in | : |
| her individual capacity, CHILD GUIDANCE | : |
| RESOURCE CENTER, JOHN DOES 1-100 and | : |
| ABC ENTITIES 1-10, | : |
| | : |
| Defendants. | : |

**MEMORANDUM OF LAW OF DEFENDANT, DELAWARE COUNTY IN SUPPORT OF ITS MOTION TO DISMISS TO PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)**

Defendant, Delaware County, by and through its undersigned counsel, submits this Memorandum of Law in Support of its Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

I. **PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiff, identified only as John Doe #1, filed a Complaint on or about March 24, 2021, asserting state law and civil rights claims arising from allegations that Plaintiff was subjected to abuse while a resident at the Delaware County Juvenile Detention Center on multiple occasions between 2015 and 2018 when he was a minor. *See* Pl. Compl., ECF No. 1. On September 27, 2021,

Plaintiff filed an Amended Complaint based on the same allegations, but dismissed certain parties and named several additional Defendants. *See* Pl. Amended Compl., ECF No. 19. Plaintiff's Amended Complaint purports to assert claims against the Delaware County Juvenile Detention Center ("Detention Center"), the Child Guidance Resource Center, Delaware County, the Delaware County Office of Children and Youth Services, Mark Murray, Teresa D. Miller, Theodore Dallas, Cathy Utz, Davon Robertson, and 100 John Does and 10 ABC Entities. *See id.*

Plaintiff's Amended Complaint contains 14 Counts, including 13 Counts against Moving Defendant, Delaware County: Count I asserts a state law negligence claim; Count III asserts a state law negligent infliction of emotional distress claim; Count IV asserts a state law intentional infliction of emotional distress; Count V asserts a state law "negligent failure to rescue" claim; Count VI asserts a state law failure to warn claim; Count VII asserts a state law "civil conspiracy" claim; Count VIII asserts a state law negligence per se claim; Count XI asserts a "civil rights conspiracy" claim pursuant to 42 USC § 1983; Count X asserts a claim for excessive force in violation of the Fourth Amendment, Eighth Amendment and Fourteenth Amendment to the United States Constitution and pursuant to 42 USC § 1983; Count XI asserts a failure to intervene claim pursuant to 42 USC § 1983; Count XII asserts a § 1983 claim pursuant to a "state created danger;" Count XIII asserts a § 1983 "special relationship" claim, and; Count XIV asserts a § 1983 municipal liability claim. *See* ECF No. 19.

Significantly, for purposes of this Motion to Dismiss, all of the allegations of abuse and misconduct asserted in Plaintiff's First Amended Complaint arise from the alleged actions of employees or officials of the Delaware County Juvenile Detention Center. Despite first admitting that the Detention Center is "a division of the Court Services Department of Delaware County, governed by the Board of Judges, under the direction of President Judge Kevin F. Kelly," Plaintiff

2

now asserts that the Detention Center is "not a part of the judiciary or judicial branch" of the Commonwealth. *Compare* ECF No. 1, at ¶ 14, *with* ECF No. 19, at ¶ 20. However, Plaintiff bases his new argument on contradictory "evidence" and argumentative averments related to the alleged oversight and operation of the Detention Center. *See, e.g.*, ECF No. 19, at ¶¶ 14–31.

Plaintiff asserts that the Detention Center is "an activity of Delaware County" and that it was "owned, controlled, and/or operated by Delaware County." *Id.* at ¶ 18. However, Plaintiff acquiesces that Delaware County did not, in fact, maintain control and oversight of the Detention Center during the time relevant to Plaintiff's Complaint when he avers that "oversight or governance of the [Detention Center] by the Board of Judges was an impermissible governing structure which was established by Defendant, Delaware County." *Id.* at ¶ 22. Moreover, Plaintiff's own exhibits confirm that it was the President Judge who was in control of the operation and maintenance of the Detention Center during all times relevant to Plaintiff's Amended Complaint. *See id.*, at Ex. C.

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure (12(b)(6) provides for the dismissal of a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). To avoid dismissal and establish the grounds of his entitlement to relief, a plaintiff must plead "enough factual matter" to "nudge [his] claims across the line from conceivable to plausible." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)). A plaintiff is obligated to establish the grounds of his entitlement to relief with more than mere labels and conclusions. *Twombly*, 550 U.S. at 555 (quotations omitted).

Only a complaint that sets forth a claim which is plausible on its face will survive a motion to dismiss. *Id.* at 679. Although a valid complaint requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), the "plaintiff must at a

3

minimum state the operative facts underlying the claim." *Herman v. Carbon County*, 248 Fed. Appx. 442, 444 (3d Cir. 2007) (citations omitted). A claim is plausible only when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, 556 U.S. at 678; 129 S. Ct. at 1949 (*citing* *Twombly*, 550 U.S. at 556)).

> The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

In ruling on a motion under Rule 12(b)(6), the court must accept as true all well pleaded factual allegations, and draw all reasonable inferences in favor of the Plaintiff. *Doe v. Delie*, 257 F.3d 309, 313 (3d Cir. 2001). However, the court "need not credit the non-movant's conclusions of law or unreasonable factual inferences." *Curay-Cramer v. The Ursuline Academy of Wilmington, Delaware, Inc.*, 450 F.3d 130 (3d Cir. 2006) (citations omitted). The court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case," in addition to reviewing the facts plead in the complaint. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir. 1993)) (emphasis added); *see also Hercik v. Rodale, Inc.*, No. 03-CV-6667, 2004 WL 1175734, at *1 (E.D. Pa. May 27, 2004). If the complaint and accompanying documents considered by the court fail to allege sufficient facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," then the claim is not facially plausible and it must be dismissed. *Iqbal*, 556 U.S. at 678.

### III.     LEGAL ARGUMENT

**A.     Plaintiff' Failed to State a Claim Against Defendant, Delaware County Pursuant to 42 U.S.C. § 1983; Therefore, Plaintiff's Claims Against Delaware County Fail as a Matter of Law.**

It is well established that a Plaintiff may not base a § 1983 action on the doctrine of *respondeat superior*. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). "A Plaintiff 'cannot predicate liability on his § 1983 claims on a *respondeat superior* basis'" *Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016). In order to impose liability upon a public entity, such as Delaware County, Plaintiff must identify a "policy" or "custom" that was the "moving force" behind the alleged injury. *See Jewell v. Ridley Township*, 497 F. App'x 182, 185 (3d Cir. 2012); *see also Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978). Liability may only be imposed upon local governments where the governmental body's "deliberate conduct" was the "moving force" behind the constitutional injury alleged. *Bd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 404 (1997) (emphasis in original).

A policy exists "when a decision maker with final authority issues an official proclamation, policy, or edict." *Noble v. City of Camden*, 112 F.Supp.3d 208, 221 (D. N.J. 2015). *Monell* defined a government policy as a "statement, ordinance, regulation or decision officially adopted and promulgated by [a public entity's] officers." *Id.* at 690. The Court characterized an actionable custom, which lacks the formal approval of a policy, as "such practices of state officials…[as are] so permanent and well settled as to constitute a custom or usage with the force of law." *Id.* at 691. Further explicating the elements of direct municipal liability under § 1983, the *Monell* Court concluded that, "it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible." *Id.* at 694.

In the instant case, Plaintiff's First Amended Complaint does not identify a policymaker or decisionmaker of Delaware County, who was the moving force behind any of the alleged abuse or constitutional deprivations asserted by Plaintiff. *See generally* Pl. Amended Compl., ECF No. 19. Moreover, Plaintiff's First Amended Complaint does not identify a policy or custom of Delaware County which caused the alleged abuse set forth in Plaintiff's First Amended Complaint. *See id.* To the contrary, Plaintiff's First Amended Complaint recites details of an investigation by the Delaware County Public Defender's Office concerning allegations of misconduct at the Detention Center, which is not a County agency, but instead an agency of the Delaware County Court of Common Pleas.

As the Pennsylvania Supreme Court explained in *Jefferson County Court Appointed Employees Association v. Pennsylvania Labor Relations Board*, 985 A.2d 697 (Pa. 2009):

> Article 5 of the Pennsylvania Constitution vests the judiciary with the power to administer justice. The Judicial Branch is right "to hire, fire, and supervise its employees is derived from that constitution source." Further, the judiciaries authority over Court personnel "is essential to the maintenance of an independent judiciary." Another branch of government thus may not encroach upon this judicial power, although it is not unlimited."

*Id.* at 498 (citations omitted)

The Detention Center is an arm of the courts, and therefore cannot support a § 1983 claim against Delaware County, as a matter of law. *See* Co-Defendant, Detention Center's Mot. to Dismiss, ECF No. 23, at ¶ 4–6. Specifically, the Board of Judges, under the direction of the President Judge of Delaware County controlled the Detention Center at all times material to Plaintiff's First Amended Complaint. *See id.*; *see also* ECF No. 19, at ¶ 19.

Confusingly, Plaintiff asserts his claims against Delaware County by at once alleging that Delaware County did actually operate the Detention Center and that the County impermissibly delegated the operation of the Detention Center to the Board of Judges. *See generally id.* However,

even the exhibits relied upon by Plaintiff to make his argument demonstrate that Detention Center's employees were controlled by the Detention Center and the Board of Judges, not Delaware County. *See id.*, at Ex. C. Specifically, Plaintiff's Exhibit "C," a certificate of compliance issued by the Pennsylvania Department of Human Resources, shows that it was the President Judge, Judge Joseph Cronin, Jr., not any Delaware County employee or representative, who received and signed the certificate and developed the "plan of correction" required in order to receive the certification. *See id.*

Accordingly, despite Plaintiff's contradictory argument and alleged "evidence," the Detention Center, was not operated or controlled by Delaware County at any time relevant to Plaintiff's Amended Complaint. In fact, the Detention Center was managed and operated at all times by the Board of Judges and President Judge. Moreover, the employees of the Detention Center are, in fact, employees of the Delaware County Court System, which is a part of the Commonwealth of Pennsylvania Unified Judicial System, and are not employees of Delaware County for purposes of imposing liability pursuant to 42 U.S.C. § 1983. *See* ECF No. 19, at Ex. B, ¶ 1 (identifying a Detention Officer as an employee of the "Delaware County Juvenile Detention Center," not Delaware County).

As such, no custom, policy or practice of Delaware County could be the moving force of any constitutional violation at the Detention Center, as a matter of law. All claims asserted against Defendant, Delaware County, pursuant to 42 U.S.C. §1983, therefore, should be dismissed with prejudice.

    **B.**     **Plaintiff's State Law Claims are Barred by the Political Subdivision Tort Claims Act, 42, Pa. C.S.A. § 8541 *et seq.***

        **1.**     **Plaintiff's State Law Claims Based on Negligence Against Delaware County are Legally Insufficient and Therefore, Fail as a Matter of Law.**

7

The Pennsylvania Political Subdivision Tort Claims Act ("Tort Claims Act") provides a general grant of immunity to all local municipalities and their employees for damages caused by the negligent acts of the agency or its employees. *See* 42 Pa. C.S.A. § 8541 ("Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person."). There are, however, limited exceptions to governmental immunity provided by the Tort Claims Act. *See* 42 Pa. C.S.A. § 8542(b).

To impose liability against a municipality, a plaintiff must establish that his injury occurred as a result of one of the nine enumerated acts and plead sufficient facts demonstrating:

> (1) the damages would be otherwise recoverable under common law or by statute creating a cause of action against one not having an immunity defense and (2), the injury must be caused by the negligent act(s) of the local agency or its employees.

*Cohen v. City of Philadelphia*, 847 A.2d 778, 780 (Pa. Commw. Ct. 2004) (citing *Kilgore v. City of Philadelphia*, 717 A.2d 514 (Pa. 1998)).

Plaintiff's state law claims sounding in negligence fail as a matter of law as against Delaware County. As previously established, the Detention Center was not operated or controlled by Delaware County at any time relevant to Plaintiff's Amended Complaint. In fact, the Detention Center was managed and operated at all times by the Board of Judges and President Judge. Moreover, the employees of the Detention Center are employees of the Delaware County Court System, which is a part of the Commonwealth of Pennsylvania Unified Judicial System, and are not employees of Delaware County for purposes of imposing liability pursuant to the theory of *respondeat superior*. *See* ECF No. 19, at Ex. B, ¶ 1 (identifying a Detention Officer as an employee of the "Delaware County Juvenile Detention Center," not Delaware County). Accordingly, Delaware County did not breach any duty to Plaintiff that would allow damages to be otherwise

8

recoverable by Plaintiff under common law, nor were Plaintiff's alleged injuries caused by the negligent acts of Delaware County employees. Therefore, Delaware County is protected from liability by the Tort Claims Act and Plaintiff's state law negligence claims against Delaware County fail as a matter of law.

### 2. Plaintiff's Intentional Infliction of Emotional Distress Claim Against Delaware County Fails as a Matter of Law.

While the Tort Claims Act sets forth several exceptions to this general grant of immunity to local agencies, Pennsylvania courts have repeatedly held that local agencies are not liable for the acts of agency employees that constitute "a crime, actual fraud, actual malice or willful misconduct." *See* 42 Pa. C.S.A. § 8550. Pennsylvania courts have defined "willful misconduct" follows:

> Willful misconduct, for the purposes of tort law, has been defined by our Supreme Court to mean conduct whereby the actor desired to bring about the result that followed or at least was aware that it was substantially certain to follow, so that such desire can be implied. In other words, the term 'willful misconduct' is synonymous with the term 'intentional tort.'

*King v. Breach*, 540 A.2d 976, 981 (Pa. Commw. Ct. 1988). As such, local agencies are immune from liability for claims sounding in tort. *See Beard v. Borough of Duncansville*, 652 F.Supp.2d 611, 628 (W.D. Pa. 2009).

Plaintiff's intentional infliction of emotional distress claim fails as a matter of law. In order to establish a state claim for intentional infliction of emotional distress, Plaintiff would need to show: (1) the conduct is extreme; (2) the conduct is intentional or reckless; (3) the conduct caused emotional distress; and (4) the distress is severe. *Kornegey v. City of Philadelphia*, 299 F.Supp.3d 675, 683 (E.D. Pa. 2018). Accordingly, Plaintiff's claim is predicated on his ability to prove intentional conduct on the part of Delaware County. However, Delaware County is a local agency and therefore, immune from liability for claims sounding in tort. *See Patterson*, 141 F.Supp.2d at

542–43. As such, Plaintiff's intentional infliction of emotional distress claim against Delaware County fails as a matter of law and must be dismissed, with prejudice.

## IV.     CONCLUSION

WHEREFORE, Defendant, Delaware County, respectfully requests that this Honorable Court grant its Motion to Dismiss Plaintiff's Amended Complaint and dismiss all Plaintiff's claims against Moving Defendant, with prejudice.

                                            Respectfully submitted,

                                            **MARSHALL DENNEHEY WARNER**
                                              **COLEMAN & GOGGIN**

BY: _____
                                    JOHN P. GONZALES
                                    Attorney ID # 71265
                                    2000 Market Street, Suite 2300
                                    Philadelphia, PA  19103
                                    Phone: (215) 575-2871/Fax: (215) 575-0856
                                    Email: jpgonzales@mdwcg.com

                                    Attorney for Defendants Delaware County and Delaware County Juvenile Detention Center

Date:  December 10, 2021

## CERTIFICATE OF SERVICE

I, JOHN P. GONZALES, ESQUIRE, do hereby certify that a true and correct copy of Defendant, Delaware County's Motion to Dismiss was electronically filed with the Court on the date below and is available for viewing and downloading from the ECF System. All counsel of record was served via electronic notification.

                                          MARSHALL DENNEHEY WARNER
                                            COLEMAN & GOGGIN

BY: _____
        JOHN P. GONZALES

        Attorney for Defendants Delaware County and Delaware County Juvenile Detention Center

Date: December 10, 2021