IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE #1 et al., <br><br> Plaintiffs, <br><br> v. <br><br> PENNSYLVANIA DEPARTMENT OF HUMAN SERVICES et al., <br><br> Defendants. | Civil No. 21-1408 |
| C.B. et al., <br><br> Plaintiffs, <br><br> v. <br><br> PENNSYLVANIA DEPARTMENT OF HUMAN SERVICES et al., <br><br> Defendants. | Civil No. 21-1740 |
| JANE DOE et al., <br><br> Plaintiffs, <br><br> v. <br><br> PENNSYLVANIA DEPARTMENT OF HUMAN SERVICES et al., <br><br> Defendants. | Civil No. 21-3459 |

| | |
|---|---|
| JANE DOE 1,<br><br>   Plaintiff,<br><br> v.<br><br>DELAWARE COUNTY et al.,<br><br>   Defendants. | Civil No. 21-5636 |
| J.M.,<br><br>   Plaintiff,<br><br> v.<br><br>DELAWARE COUNTY et al.,<br><br>   Defendants. | Civil No. 22-1224 |
| SMITH,<br><br>   Plaintiff,<br><br> v.<br><br>DELAWARE COUNTY et al.,<br><br>   Defendants. | Civil No. 22-1227 |
| W.C.,<br><br>   Plaintiff,<br><br> v.<br><br>DELAWARE COUNTY et al.,<br><br>   Defendants. | Civil No. 22-1229 |

| | |
|---|---|
| SMITH,<br><br>         Plaintiff,<br><br>    v.<br><br>DELAWARE COUNTY et al.,<br><br>         Defendants. | Civil No. 22-1231 |
| A.H.,<br><br>         Plaintiff,<br>    v.<br><br>DELAWARE COUNTY et al.,<br><br>         Defendants. | Civil No. 22-1245 |
| S.G.,<br><br>         Plaintiff,<br>    v.<br><br>DELAWARE COUNTY et al.,<br><br>         Defendants. | Civil No. 23-3344 |
| S.J.,<br><br>         Plaintiff,<br>    v.<br><br>DELAWARE COUNTY et al.,<br><br>         Defendants. | Civil No. 24-5477 |

3

# ORDER

**THIS MATTER** comes before the Court upon the Motions for Judgment on the Pleadings (the "Motions") filed by Defendants Teresa D. Miller, Theodore Dallas, and Cathy Utz (the "High Ranking DHS Defendants"). [Lead Docket No. 168; *C.B.*, Docket No. 139; *Jane Doe*, Docket No. 146, *J.M.*, Docket No. 73; *W.C.*, Docket No. 73; *A.H.*, Docket No. 73; *S.G.*, Docket No. 41.][1]

"When qualified immunity is asserted at the pleading stage, the precise factual basis for the plaintiff's claim or claims may be hard to identify." *Pearson v. Callahan*, 555 U.S. 223, 238 (2009) (citations omitted). The Supreme Court has accordingly recognized that the familiar two-step qualified immunity inquiry "is an uncomfortable exercise where the answer to whether there was a violation [of clearly established law] may depend on a kaleidoscope of facts not yet fully developed." *Id.* (cleaned up); *Newland v. Reehorst*, 328 F. App'x 788, 791 n.3 (3d Cir. 2009) (cautioning "that it is generally unwise to venture into a qualified immunity analysis at the pleading stage as it is necessary to develop the factual record in the vast majority of cases").

The Court agrees with Judge Baylson: factual issues make a qualified immunity analysis inappropriate without the benefit of discovery. [*See* Lead Docket No. 97 (reserving decision on High Ranking DHS Defendants' immunity defenses until the completion of discovery); *see also Derrick Through Tina v. Glen Mills Sch.*, 2019 WL

---

[1] High Ranking DHS Defendants also intend to move for judgment on the pleadings in *S.J.*, Case No. 24-5477, Docket No. 58. For the reasons set forth below, the Court will not entertain that motion.

7019633, at *13 (E.D. Pa. Dec. 19, 2019) (denying High Ranking DHS Defendants' motion to dismiss and rejecting immunity defenses) (Bartle, J.).] This includes, *inter alia*, discovery regarding what the High Ranking DHS Defendants knew about the abuse at the Delaware County Juvenile Detention Center during the licensing process.

The High Ranking DHS Defendants also argue that they are entitled to judgment as a matter of law with respect to each count alleged against them in the Complaints. Again, Judge Baylson already ruled that the Complaints "satisfied the requirements of federal pleading and have stated serious claims that, if proven, may constitute violations of Plaintiffs' civil rights." [Lead Docket No. 97 at 2.] The Court declines to revisit that determination and will not give the High Ranking DHS Defendants a second bite at the apple. *See Aviles v. S&P Glob., Inc.*, 2020 WL 1689405, at *3 (S.D.N.Y. Apr. 6, 2020) (explaining that although a litigant can bring successive motions challenging the sufficiency of a claim, first under Rule 12(b)(6) and then under Rule 12(c), "a Rule 12(c) motion for judgment on the pleadings that challenges the sufficiency of a complaint on the same ground as an already-denied Rule 12(b)(6) motion to dismiss should meet an identical fate").

Accordingly, and for good cause shown,

**IT IS**, on this **29th** day of **April 2025**:

1. **ORDERED** that the Motions are **DENIED**.

**s/Renée Marie Bumb**
RENÉE MARIE BUMB
Chief United States District Judge